**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40932 & 40933**

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 301 |
| Plaintiff-Respondent, | Filed: January 2, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| LANDON WADE DORMAN, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | BE CITED AS AUTHORITY |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for felony driving under the influence, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

In Docket No. 40932, Landon Wade Dorman pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Dorman to a unified term of eight years, with a minimum period of confinement of three years, but suspended the sentence and placed Dorman on probation. Dorman admitted to violating the terms of his probation. The district court revoked probation, retained jurisdiction, and ultimately returned Dorman to probation.

In Docket No. 40933, Dorman pled guilty to another charge of driving under the influence. In exchange for his guilty plea, the state agreed not to pursue an allegation that

1

Dorman was a persistent violator. The district court sentenced Dorman a unified term of ten years, with a minimum period of confinement of five years. As a result of this guilty plea, the district court revoked Dorman's probation in Docket No. 40932 and ordered execution of Dorman's previously suspended sentence. The district court ordered that Dorman's sentences run concurrently. Dorman filed I.C.R 35 motions for reduction of his sentences in both cases, which the district court denied. Dorman appeals, asserting that his sentence in Docket No. 40933 is excessive and that the district court erred in denying his Rule 35 motions for reduction of his sentences in both cases.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Dorman's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Dorman's judgment of conviction and sentence in Docket No. 40933, and the district court's orders denying Dorman's Rule 35 motions in both cases, are affirmed.